UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

YASMEEN LORD and JAMES WILLIAMS,

CASE NO. 1:14-cv-2937-WSD

    Plaintiffs,

v.

CORPORATE EMPLOYMENT RESOURCES, INC.
D/B/A CORESTAFF SERVICES,

    Defendant.

_____/

## COMPLAINT FOR VIOLATION OF THE FLSA AND DEMAND FOR JURY TRIAL

Plaintiffs, Yasmeen Lord ("Lord") and James Williams ("Williams") (collectively referred to as "Plaintiffs"), bring this lawsuit against the above-captioned Defendant, Corporate Employment Resources, Inc. d/b/a CORESTAFF Services ("Corestaff" or "Defendant"), for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA") for failure to pay overtime compensation at a rate of 1.5 times the regular rate of pay for all hours worked over forty hours a week.

### INTRODUCTION

1.     The Fair Labor Standards Act is our nation's foremost wage law. The overtime requirements of the Fair Labor Standards Act ("FLSA") were designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers..." 29 U.S.C. §202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29

Page 1 of 7

U.S.C. §§206(a) & 207(a). It requires minimum wage and overtime pay for certain non-exempt employees. 29 USC Sec. 213.

2. Lord was employed by Defendant from approximately March of 2013, until December of 2013, as a Master Trainer.

3. Williams was employed by Defendant from approximately March 25, 2013, until December 31, 2013, as a Master Trainer.

4. Defendants classified Plaintiffs as exempt from overtime pay. Plaintiffs contend that it was not permissible to classify them as exempt from overtime, and that they were entitled to receive overtime compensation under the FLSA for hours that they worked for Defendant in excess of forty (40) hours per work week at a rate of time and one half their regular hourly rate.

5. Further, Plaintiffs were denied half-time pay for all hours that they consistently worked in excess of forty (40) hours per week on behalf of Defendant. Specifically, Plaintiffs were only paid straight time or their hourly rate for all such hours worked in excess of forty (40) hours per week.

6. Accordingly, Plaintiffs sue Defendant for violations of the FLSA for failing to properly pay the Plaintiffs overtime compensation.

## RELIEF SOUGHT

7. This action is to recover from Defendant overtime compensation, liquidated damages, prejudgment interest, and the costs and reasonable attorney's fees on behalf of the Plaintiffs.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because this action involves a federal question under the Fair Labor Standards Act, 29 U.S.C. Sections 201-219, inclusive.

9. This Court has personal jurisdiction over this action because the Defendant is engaged in business within the state of Georgia with its principal address at 3414 Peachtree Road, Suite 375, Atlanta, Georgia 30326.

10. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. 1391(b) because the acts complained of herein took place in this District.

## THE PARTIES

**Yasmeen Lord**

11. At all times relevant to this action, Lord resided in Fulton County, Georgia.

12. At all times relevant to this action, Lord worked for Defendant at their home office located in Cook County, Illinois and was assigned to complete work in Japan. Defendant sought to employ Lord by coordinating such employment with Lord while she was located within her place of employment in Fulton County, Georgia.

13. At all times relevant to this action, Lord was an employee of Defendant within the meaning of 29 U.S.C. § 203(e)(1).

**James Williams**

14. At all times relevant to this action, Williams resided in Guilford County, North Carolina.

15. At all times relevant to this action, Williams worked for Defendant at their home

office located in Cook County, Illinois and was assigned to complete work in Guam.

16. At all times relevant to this action, Williams was an employee of Defendant within the meaning of 29 U.S.C. § 203(e)(1).

**Defendant**

17. At all times relevant to this action, Corestaff employed Plaintiffs within the meaning of 29 U.S.C. § 203(g).

18. At all times relevant to this action, Corestaff was an employer of Plaintiffs within the meaning of 29 U.S.C. § 203(g), based upon, among other things, the exercise and control that Corestaff exerted over Plaintiffs with regard to the terms and conditions of their employment and their participation in the violations of the FLSA.

19. At all relevant times, Defendant has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

20. Defendant is an enterprise subject to the provisions of the FLSA.

### GENERAL ALLEGATIONS

21. Plaintiffs worked overtime hours on a regular and almost weekly basis, yet Defendant only compensated them straight time or their hourly rate for such overtime hours as opposed to the proper pay method dictated by the FLSA.

22. Plaintiffs were employees of Defendant within the meaning of 29 U.S.C. § 203(e)(1).

23. Based upon information and belief, Plaintiffs were classified by Defendant as exempt employees not entitled to overtime pay, but Plaintiffs dispute that this classification was

proper, and assert that they were entitled to and should have received overtime compensation under the FLSA.

24. During their employment with Defendant, Plaintiffs consistently worked overtime hours in excess of forty (40) hours per week, with Lord averaging approximately twenty-five (25) to thirty (30) hours of overtime each week and Williams averaging approximately ten (10) to fifteen (15) hours of overtime each week.

25. Despite the fact that Plaintiffs worked overtime hours, Defendant chose not to compensate them at the legal rate of time and a half for all such hours over forty (40) per week under the FLSA.

26. Instead, Defendant would simply pay Plaintiffs their straight time only or simply their hourly rate for such overtime hours.

27. The FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one and one-half times their regular rate of pay for any hours over forty (40) worked in a week. 29 U.S.C. S 207(a)(1). Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

28. Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for work in excess of forty (40) hours per week.

29. Plaintiffs were required to work more than forty (40) hours a week during the course of their employment with Defendant but are not properly paid overtime wages for such work under the FLSA.

30. Accordingly, Plaintiffs seek and are entitled to recover all overtime pay due from overtime hours worked for which compensation was not properly paid, liquidated damages,

prejudgment interest, and attorneys' fees under the FLSA.

## COUNT I – OVERTIME DUE UNDER THE FLSA

31. Paragraphs one (1) through thirty-one (30) are re-alleged as if fully set forth herein.

32. At all relevant times, Defendant employed Plaintiffs within the meaning of the FLSA.

33. Defendant failed to properly pay Plaintiffs overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour workweek, is a violation of the FLSA, in particular 29 U.S.C. §§ 206 and 207.

34. Due to Defendant's FLSA violations, Plaintiffs allege that they have suffered damages and are entitled to recover from Defendant the unpaid overtime compensation, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action.

**WHEREFORE** Plaintiffs, Yasmeen Lord and James Williams, pray:

a. For an order awarding attorneys' fees and costs pursuant to the FLSA;

b. That the Court find Defendant in violation of the overtime compensation provisions of the FLSA and that the Court find that Defendant's violations of the FLSA were and are willful;

c. That the Court award Plaintiffs overtime compensation for all the previous hours worked over forty (40) hours, that they did not receive at least one and one-half time compensation for, in any given week during the past three years, AND liquidated damages of an equal amount of the minimum compensation; in addition interest on

said award pursuant the FLSA; and

d. That the Court award any other legal and equitable relief as this Court may deem appropriate.

Dated this 12th day of September, 2014.

Respectfully submitted,

Mitchell Feldman, Esquire
Georgia Bar No.: 257791
**Feldman Morgado, PA**
1201 Peachtree Street 400 Colony Square
Suite 200
Atlanta, Georgia 30361
Tel:   813-639-9366
Fax:   813-639-9376
Email: mfeldman@ffmlawgroup.com
*Attorney(s) for Plaintiffs Yasmeen Lord and James Williams*